UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| JESSE REID, JR., | : CASE NO. 1:15-CV-01680 |
| Plaintiff, | : |
| vs. | : OPINION & ORDER |
| | : [Resolving Docs. No.1 and 2] |
| RAY MABUS, *et al.*, | : |
| Defendant. | : |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Jesse Wayne Reid, Jr. filed this mandamus action against the Secretary of the Navy Ray Mabus, his "Confidential Assistant" Sam Erhart, and 19 other Defendants, including federal officials and agencies. He alleges the Defendants violated duties to him under the "bad men" provision of the Treaty of Fort Laramie because they did not investigate his claims that the Navy Sea Systems Command in Washington, D.C. was sending wireless signals via "synthetic technology" to harass him because he filed lawsuits against the federal government. He seeks mandamus relief pursuant to 28 U.S.C. § 1361, ordering the Defendants to investigate his claims and cease and desist "all harassing communications with [him]." He also seeks $10 million in monetary damages for violations of his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). For the reasons stated below, the Application is denied and this action is dismissed.

### I. Background

Jesse Reid, Jr claims the Navy Sea Systems Command is sending wireless, harassing communications to him using "synthetic technology" to retaliate against him for filing lawsuits against the federal government. This is the twelfth identical case filed by Plaintiff Jesse Reid, Jr. Two other cases were filed in the Northern District of Ohio[1], two were filed in the Southern District of Ohio[2], and the remaining cases were filed in the District of Nebraska, the District of Montana, the District of Alaska, the Eastern District of Pennsylvania, the District of Arizona, the District of Oregon, and the District of Oklahoma.[3] All of the Petitions were filed on August 17, 18, or 20, 2015. Furthermore, since this case was filed, Reid filed two more identical mandamus petitions in the Northern District of Ohio, bringing the total number of cases to fourteen. Reid contends he is preparing 60,000 of these petitions for filing, because the CIA is under the impression they can harass him and he is intent on demonstrating "he can do something about it."

### II. *In Forma Pauperis* Application

Pursuant to 28 U.S.C. § 1915, this Court may authorize the filing of a lawsuit without prepayment of fees by a person who submits an affidavit listing assets and expenses and

---

[1] *See Reid v. Mabus*, No 4:15 CV 1649 (N.D. Ohio Aug. 21, 2015)(Lioi, J.); *Reid v. Mabus*, No 5:15 CV 1639 (N.D. Ohio Aug. 31, 2015)(Adams, J.).

[2] *Reid v. Mabus*, No 2:15 CV 2732 (S.D. Ohio Aug. 24, 2015)(Black, J.); *Reid v. Mabus*, No 1:15 CV 538 (S.D. Ohio Aug. 24, 2015)(Black, J.).

[3] *Reid v. Mabus*, No 4:15 CV 3104 (D. Neb. filed Aug. 18, 2015)(Gerrard, J.); *Reid v. Mabus*, No 1:15 CV 0077 (D. Mont. field Aug. 18, 2015)(Watters, J.); *Reid v. Mabus*, No 3:15 CV 0143 (D. Alaska Aug. 17, 2015)(Burgess, J.); *Reid v. Mabus*, No. 2:15 CV 4707 (E.D. PA. Aug. 20, 2015)(Kearney, J.); *Reid v. Mabus*, No 2:15 CV 1588 (D. Ariz. filed Aug. 17, 2015)(Campbell, J.); *Reid v. Mabus*, No 6:15 CV 1556 (D. Oregon filed Aug. 17, 2015)(Coffin, J.); *Reid v. Mabus*, No 6:15 CV 310 (E.D. Okla. Aug. 27, 2015)(White, J.).

demonstrating that he or she is unable to pay the fees. 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution."[4] Rather, "the question is whether the court costs can be paid without undue hardship."[5] It is within the Court's discretion to allow or deny pauper status to a litigant.[6]

In this instance, Plaintiff failed to demonstrate he cannot pay court costs without undue hardship. Reid filed the old version of the *In Forma Pauperis* Application, and did not attempt to complete the form. He filled in zeros when asked to supply his gross and take-home wages, and left the rest of the form blank. The Clerk's Office sent the updated *In Forma Pauperis* Application to Reid seeking information about his assets, income and expenses but he did not complete and return it. Because Reid did not take the opportunity to correct the deficiency, the Court has no basis upon which to grant his Application.

Furthermore, Congress first enacted an *In Forma Pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts."[7] Proceeding *In Forma Pauperis* is a privilege, and not a right.[8] Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous,

---

[4] *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2nd Cir. 1988).

[5] *Foster*, 21 Fed. Appx. at 240.

[6] *Id*.

[7] *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)).

[8] *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010).

harassing, or duplicative lawsuits.[9]

Reid's repetitive filings of the same petition in this Court and District Courts around the country suggest he is not attempting to gain real relief from the Defendants. He filed twelve of the cases within days of each other. Instead, it appears he is using *In Forma Pauperis* applications to enable him to submit multiple identical petitions without paying the filing fees to harass the Defendants. This is not an acceptable use of *In Forma Pauperis* status.

### IV. Conclusion

Accordingly, Reid's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. If Reid wishes to proceed with the action, he must pay the full filing fee of $400.00 within thirty days, and must file a Motion to Re–Open Case. The Motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid, and a Motion to Re–Open has been granted.

IT IS SO ORDERED.

Dated: November 18, 2015              *s/ James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[9] *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).